## Halcomb v. Taylor.

(Decided February 8, 1921.)

### Appeal from Simpson Circuit Court.

Contracts—Consideration.—Where the purchaser of a tract of land promised to give a tenant in possession $500.00 for the surrender of the possession on January 1st of the following year, the tenant's contract with his landlord to be cancelled when the possession was given, there was no failure of consideration because the lease was within the statute of frauds or the landlord did not consent in writing to the assignment thereof, since the $500.00 was to be paid not for an assignment of the lease,

nor for the purpose of acquiring any rights thereunder, but solely for the purpose of obtaining possession and putting an end to the tenant's rights under the lease.

EVANS & MILLIKEN for appellant.

I. G. MASON, G. T. FINN and G. W. ROARK for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the year 1917, H. L. Dawson was the owner of a farm in Logan county known as the "Simmons Place." Lee Taylor was a tenant of Dawson and had been in possession of the place for several years. He also had a verbal contract with Dawson for the rent of the place for the year 1918. In the month of October, 1917, L. E. Halcomb approached Dawson with the view of purchasing the farm. Halcomb stated to Dawson that he wanted possession on January 1, 1918. Dawson replied that the place was rented for that year to Lee Taylor, and that he would not sell the place unless satisfactory arrangements could be made with Taylor. Thereupon, they called on Taylor and, after some discussion, Halcomb agreed to give Taylor $500.00 to surrender possession on January 1st. After this arrangement was made, Dawson and Halcomb entered into a written contract by which Dawson was to sell the farm to Halcomb for $100.00 an acre and deliver possession on January 1, 1918. The contract contained the further provision that if either party should fail to fulfill his part of the contract, the one so failing should pay the other the sum of $500.00 as a forfeit. On the same day, Halcomb and Taylor entered into the following contract:

"This contract made and entered into by and between L. E. Halcomb of Woodburn, Ky., party of first part, and Lee Taylor of Adairville, Logan County, Kentucky, party of the second part.

"On account of said second party having made a trade with H. L. Dawson to live upon the farm known as the Simmons place for the year 1918, and said H. L. Dawson having sold same to said L. E. Halcomb, the said Halcomb agrees to pay to the said Lee Taylor the sum of five hundred dollars ($500.00) for possession of said place, same to be given on or before January 1st, 1918, and all contracts said Taylor has with said Dawson for tending the Simmons place for year 1918, to be cancelled when possession is given."

In the month of December, Taylor vacated the premises and surrendered the possession, and notified Halcomb that he had done so. Halcomb did not take possession thereof, as Dawson elected to pay him the forfeit of $500.00 and not carry out the contract of sale.

Taylor sued Halcomb to recover on the contract. From a verdict and judgment in favor of Taylor, Halcomb appeals.

Halcomb insists that he was entitled to a peremptory instruction on the ground that there was no consideration for the contract. In support of this position it is argued that Taylor's oral contract for the lease of the land for a term of one year from a future date was a contract not to be performed within one year, and was therefore within the statute of frauds; also that the assignment of the lease was invalid because the term thereof was less than two years and Dawson did not consent in writing to the assignment. That being true, neither the lease nor its assignment was of any value, and there was nothing to support the contract sued on. In our opinion neither the validity of the lease between Taylor and Dawson, nor the validity of its assignment, has anything to do with this case. Halcomb desired to purchase the farm and to take possession on January 1, 1918. Taylor was in possession, and his right to continue in possession was recognized by Dawson. Dawson would not sell and agree to give possession on January 1, 1918, unless satisfactory arrangements could be made with Taylor. The contract provides, "Said Halcomb agrees to pay to the said Lee Taylor the sum of five hundred dollars ($500.00) for possession of said place, same to be given on or before January 1st, 1918, and all contracts said Taylor has with said Dawson for tending the Simmons place for year 1918, to be cancelled when possession is given." In other words, Halcomb agreed to pay the $500.00 not for an assignment of the lease, nor for the purpose of acquiring any rights thereunder, but solely for the purpose of obtaining possession of the farm by January 1, 1918, and putting an end to Taylor's rights under the lease. It is therefore clear that the lease formed no part of the consideration for the contract sued on, and it is immaterial, so far as Halcomb is concerned, whether it could have been enforced against Dawson or could have been assigned without his written consent.

Dawson's election to pay the forfeit of $500.00 rather than convey the farm to Halcomb in no wise affected the contract between Halcomb and Taylor, as the contract was not conditioned on anything that Dawson might do or fail to do. Manifestly, the agreement to surrender the possession was a sufficient consideration for Halcomb's promise to pay the $500.00 and when Taylor surrendered the possession in conformity with the contract, he thereby became entitled to the consideration which Halcomb had agreed to pay. It follows that the peremptory was properly refused.

Judgment affirmed.